9025 /SHV
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Pegasus Maritime, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEST FOODS, INC.,<br><br>                    Plaintiff,<br><br>           -against-<br><br>M/V "MAERSK GEORGIA," her engines, boilers, etc.<br><br>           -and against-<br><br>PEGASUS MARITIME, INC.,<br><br>                    Defendants. | ECF CASE<br><br>07 CIV 7187<br><br>**PEGASUS MARITIME, INC.'S ANSWER TO THE VERIFIED COMPLAINT** |

Defendant Pegasus Maritime, Inc. (hereinafter referred to as "Pegasus") answers the Verified Complaint with civil number 07 CIV. 7187 by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP as follows:

1.     Admits this is an admiralty and maritime claim within the meaning of the Rule 9(h) and except where specifically admitted, denies each and every allegation contained in Paragraph "1" of Plaintiff's Verified Complaint.

2.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

3.    Denies each and every allegation contained in Paragraph "3" of Plaintiff's Verified Complaint.

4.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Verified Complaint.

5.    Admits there were sealed containers delivered to Maersk as a common carrier at the port of Karachi/Port Qasim, Pakistan for transportation on board the M/V MAERSK GEORGIA to New York, in consideration of an agreed freight and pursuant to the valid terms and conditions of a bill of lading issued and except where specified, denies each and every allegation contained in Paragraph "5" of Plaintiff's Verified Complaint.

6.    Denies each and every allegation contained in Paragraph "6" of Plaintiff's Verified Complaint.

7.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's Verified Complaint.

8.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Verified Complaint.

9.    Denies each and every allegation contained in Paragraph "9" of Plaintiff's Verified Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10.    That the said shipment as described in Plaintiff's Verified Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

11.    Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

12.    Any shortage, loss and/or damage to the shipment in suit which defendant specifically denies was due to causes for which the defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law and/or applicable foreign law.

## SECOND AFFIRMATIVE DEFENSE

13.    Due diligence was exercised on the part of Pegasus to make the vessels and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## THIRD AFFIRMATIVE DEFENSE

14.    That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the Pegasus is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(o) and (n), and by the terms of the contract of carriage.

## FOURTH AFFIRMATIVE DEFENSE

15.    Plaintiff has failed to properly and fully mitigate its damages in its Verified Complaint.

## FIFTH AFFIRMATIVE DEFENSE

16.    That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the Pegasus is not liable

under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

### SIXTH AFFIRMATIVE DEFENSE

17.     The maximum liability of defendant if any, is $500.00 per package as agreed to in the provisions of the bills of lading under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. §1304(5).

### SEVENTH AFFIRMATIVE DEFENSE

18.     That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

### EIGHTH AFFIRMATIVE DEFENSE

19.     That if Plaintiff's cargo suffered any loss or damage, which Defendant Pegasus denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the Pegasus and without the fault or neglect of the agents or servants of Pegasus, and Pegasus is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(Q).

### NINTH AFFIRMATIVE DEFENSE

20.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which Pegasus is not liable under the Carriage of Goods By Sea Act, 46 U.S.C. §1304 (2)(m), and by the terms of the contract of carriage.

WHEREFORE, Defendant Pegasus prays that the Verified Complaint against it be
dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
      October 15, 2007

                                 CICHANOWICZ, CALLAN, KEANE,
                                 VENGROW & TEXTOR, LLP
                                 Attorney for Defendant Pegasus Maritime, Inc.

                                 By: / s / Stephen H. Vengrow
                                          Stephen H. Vengrow (SHV/3479)
                                 61 Broadway, Suite 3000
                                 New York, New York 10006-2802
                                 (212) 344-7042

TO:    McDermott & Radzik, LLP
        Attorneys for Plaintiff
        Wall Street Plaza
        88 Pine Street
        New York, New York 10005
        Attn: William R. Connor, III, Esq.

STATE OF NEW YORK        )

                         : S.S.

COUNTY OF NEW YORK   )


STEPHEN H. VENGROW, being duly sworn, deposes and says;

I am a member of the firm of Cichanowicz, Callan, Keane, Vengrow & Textor, LLP. attorneys for Defendant Pegasus Maritime, Inc. in this action.

I have read the foregoing Answer to the Verified Complaint, know the contents thereof, and the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are documents in the possession of my firm.

                                                Stephen H. Vengrow (SHV 3479)


Sworn to before me this

   _15th_ day of October, 2007

                   Notary Public

PATRICK MICHAEL DE CHARLES II
Notary Public, State of New York
No. 02DE5020061
Qualified in New York County
Commission Exp: 8 NOV 2009

## **CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL**

The undersigned declares under penalty of perjury that the following is true and correct:

1.      I am over the age of eighteen years and I am not a party to this action.

2.      On October 15, 2007, I served a complete copy of **Defendant Pegasus Maritime, Inc.'s**

**Answer to the Verified Complaint** by ECF to the following attorneys at their ECF registered

address and by regular U.S. mail at the following address:

To:     McDermott & Radzik, LLP
        Attorneys for Plaintiff
        Wall Street Plaza
        88 Pine Street
        New York, New York 10005
        Attn: William R. Connor, III, Esq.


                                    / s / Patrick Michael DeCharles, II
                                  Patrick Michael DeCharles, II (PMD/9984)



DATED:      October 15, 2007
            New York, New York