614-07/WDM/WJP

Freehill, Hogan & Mahar, LLP
Attorneys for Third Party Defendant
A.P. MOLLER - MAERSK A/S
80 Pine Street
New York, New York 10005-1759
William J. Pallas (WP6201)
212 425 1900 (Tel)
212 425 1901 (Fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BEST FOODS, INC.

      Plaintiff,          07 Civ. 7187(DAB)

  -against-             **ANSWER TO VERIFIED COMPLAINT**

M/V MAERSK GEORGIA, her engines,
Boilers, etc.,

  and against-

PEGASUS MARITIME,

      Defendants.
-----------------------------------------------------------x
PEGASUS MARITIME,

      Defendant/Third Party Plaintiff,

  -against-

MAERSK, INC.,

      Third Party Defendant.
-----------------------------------------------------------x

  Third Party Defendant A.P. Moller-Maersk A/S (erroneously sued herein as "Maersk, Inc.") by its attorneys, FREEHILL, HOGAN & MAHAR, LLP, responding to the Verified Complaint, alleges upon information and belief as follows:

NYDOCS1/294877.1

1. Defendant admits that to the extent Plaintiff has alleged damages arising out of a contract of carriage of goods by sea, that this is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedures, and within the admiralty and maritime jurisdiction of this Court, but except as so admitted denies the remaining allegations contained in Paragraph 1 of the Verified Complaint.

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 2 of the Verified Complaint.

3. Admits that Third Party Defendant was the owner and/or operator of the M/V MAERSK GEROGIA and that said vessel was operated in the common carriage of goods by water for hire, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 3 of the Verified Complaint.

4. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 4 of the Verified Complaint.

5. Admits that Defendant agreed to carry the subject cargo pursuant to the terms and conditions of the applicable bill of lading/contract of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 5 of the Verified Complaint to the extent they pertain to the Answering Third Party Defendant and denies knowledge or information sufficient to form a belief as to those allegations pertaining to Defendant PEGASUS.

6. Admits that the M/V MAERSK GEORGIA arrived at the port of discharge and delivered the subject cargo, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph 6 of the Verified Complaint to the extent they pertain to the Answering Third Party Defendant and denies knowledge or information sufficient to form a belief as to those allegations pertaining to Defendant PEGASUS.

NYDOCS1/294877.1

7. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 7 of the Verified Complaint.

8. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph 8 of the Verified Complaint.

9. Admits that Plaintiff has made demand for damages, but except as so admitted, denies the remaining allegations set forth in Paragraph 9 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10. The Verified Complaint fails to state a claim against this Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

10. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

11. The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which this Answering Defendant is not liable by virtue of said dock receipts, bills of lading, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

12. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Defendants, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not this Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

13. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by these Answering Defendants and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of this Answering Defendant.

NYDOCS1/294877.1

## SIXTH AFFIRMATIVE DEFENSE

14. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf.

## SEVENTH AFFIRMATIVE DEFENSE

15. The Plaintiff is not the real party in interest to this suit.

## EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff failed to give timely notice of this claim. The claim is time barred by the applicable statute of limitations and/or dock receipts, bills of lading, tariffs and/or contracts of affreightment.

## NINTH AFFIRMATIVE DEFENSE

17. Any liability of this Answering Defendant, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation. Plaintiff failed to minimize or mitigate the damages asserted in the Verified Complaint.

## TENTH AFFIRMATIVE DEFENSE

18. The Court lacks *in personam* jurisdiction over this Answering Defendant. Insufficient and/or improper service of process.

NYDOCS1/294877.1

### ELEVENTH AFFIRMATIVE DEFENSE

19. MAERSK INC. is an agent for the carrier and as such cannot be held responsible for any claims for loss or damage relating to the shipment.

### TWELFTH AFFIRMATIVE DEFENSE

20. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### TWELFTH AFFIRMATIVE DEFENSE

20. This litigation must be dismissed or stayed pursuant to the forum selection and/or arbitration clause incorporated in the applicable dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

**WHEREFORE**, Defendant A.P. MOLLER-MAERSK A/S , prays that a decree be entered dismissing the Verified Complaint herein and that it be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action, and such other and different relief as this Court may deem just and proper.

NYDOCS1/294877.1

Dated: New York, New York
       December 18, 2007.

                                              FREEHILL, HOGAN & MAHAR LLP
                                              Attorneys for Defendant
                                              A.P. MOLLER-MAERSK A/S

                                              By: _____
                                                  William J. Pallas (WP 6201)
                                                  80 Pine Street
                                                  New York, New York 10005
                                                  212 425 1900

TO:    CICHANOWICZ, CALLAN KEANE,
        VENGROW & TEXTOR, LLP
        Attorneys for PEGASUS MARITIME, INC.
        61 Broadway, suite 3000
        New York, New York 10006
        Attention: Stephen H, Vengrow, Esq.
        212 344 7042

        McDermott & Radzik, LLP
        Attorneys for Plaintiff
        Wall Street Plaza
        88 Pine Street
        New York, New York 10005
        Attention: William Robert O'Connor, III, Esq.
        212 376 6400

STATE OF NEW YORK     :
                                            : ss.:
COUNTY OF NEW YORK :

I, GLORIA J. REGIS-HOSEIN, being duly sworn say:

I am not a party to the action, am over 18 years of age and reside at 80 Pine Street, New York, New York 10005. On December 18, 2007 I served the within ANSWER TO VERIFIED COMPLAINT and THIRD PARTY DEFENDANT MAERSK'S ANSWER TO PEGASUS MARITIME INC.'S THIRD PARTY COMPLAINT, upon

CICHANOWICZ, CALLAN KEANE,
VENGROW & TEXTOR, LLP
Attorneys for PEGASUS MARITIME, INC.
61 Broadway, suite 3000
New York, New York 10006
Attention: Stephen H, Vengrow, Esq.

McDermott & Radzik, LLP
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
Attention: William Robert O'Connor, III, Esq.

at the above address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*[signature]*
GLORIA J. REGIS-HOSEIN

Sworn to before me on the
18th day of December, 2007.

*[signature]*
Notary Public
MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6067399
Qualified in Kings County
Certificate Filed in New York County
Commission Expires December 10, 2009

NYDOCS1/295